IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JAMIE M. DEARDS, ROGER A. DEARDS | § | CASE NO: 05-38673 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

MEMORANDUM OPINION

The court held a hearing on the Motion of Vanderbilt Mortgage and Finance, Inc. for Relief from The Stay (Docket No. 4). After consideration of the pleadings, docket sheet, and evidence, the court makes the following Findings of Fact and Conclusions of Law granting the motion and lifting the stay. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Vanderbilt Mortgage and Finance, Inc., Successor in Interest to Associates Housing Finance, LLC ("Movant") seeks relief from the stay in order to exercise its rights under a Retail Installment Contract. On or about April 21, 1997, Gerald E. Martin executed a Retail Installment Contract for the purchase of a 1997 Fleetwood Homes of Texas, Inc. "Green Hill" manufactured home ("manufactured home"). Movant is the holder of a purchase money lien on the manufactured home. Movant's Exhibit No. 1. The Certificate of Title reflects that Martin is the record title owner subject to Movant's lien. Movant's

Exhibit No. 2.

On June 4, 2004, Gerald Martin filed a Chapter 13 bankruptcy proceeding. Case No. 04-38092-H3-13. In Martin's bankruptcy proceeding, the court lifted the automatic stay in connection with the manufactured home. Movant's Exhibit No. 3. A state court suit was filed and on April 12, 2005, the state court entered a judgment awarding possession of the manufactured home to Movant's predecessor in interest. Movant's Exhibit No. 4.

On June 4, 2005, Jamie and Roger Deards filed a Chapter 13 bankruptcy proceeding claiming an equitable interest in the manufactured home. Jamie Deards is the daughter of Gerald Martin. The Deards contend they have an equitable interest in the manufactured home as they have made all payments pursuant to the Retail Installment Contract executed by Mrs. Deards' father, Gerald Martin.

The parties stipulated that no equity exists in the manufactured home. Debtors contend that the stay should remain in effect because the manufactured home serves as Debtors' homestead and it is necessary for an effective reorganization. Debtors claim that Movant is adequately protected since they have the manufactured home insured and that their Chapter 13 plan provides payment of what they deem the fair market value of the collateral, $25,140.00, with 7.25% interest. Movant's Exibit No. 5.

The payoff balance as of July 15, 2005 was $58,844.88 with arrears in the amount of $6,065.43. Affidavit of Penny

Stelljes, Custodian of Records for Movant, Docket No. 17.  With respect to the treatment of an allowed secured claim provided for by a plan, section 1325(5) requires either: that the holder of the claim accepts the plan; that debtor surrenders the property to the holder; or that the plan provides that the holder retains its lien securing the claim and the value, as of the effective date of the plan, of the claim is not less than the allowed amount of the claim.  Retention of the lien and payment of the allowed amount of the claim is referred to as a "cram-down" provision.  Debtors' plan attempts to utilize the "cram-down" provision in their treatment of Movant's secured claim.

In order for a Debtor to attempt to "cram-down" the value of the manufactured home, a secured claim must exist between Debtors and Movant.  Debtors are not title holders of the manufactured home and they are not contractual obligors on the Retail Installment Contract.  The Deards' proposed treatment of Movant's secured claim under the plan is not available to them.  The court finds that Movant's interest in the manufactured home is not adequately protected.  Accordingly, cause exits under section 362(d)(1) to lift the stay.

Additionally, the stay lifts pursuant to section 362(d)(2) as no equity exists in the manufactured home.  In light of the lack of equity, the court finds that it is not necessary to the Debtors' reorganization.

<u>Conclusions of Law</u>

Section 362(d)(1) and (2) of the Bankruptcy Code provide in

pertinent part:

   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

      (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

      (2) with respect to a stay of an act against property under subsection (a) of this section, if--

         (A) the debtor does not have an equity in such property; and

         (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (2).

    The automatic stay can be terminated, annulled, modified or conditioned by the court for cause. The term "cause" used in 11 U.S.C. § 362(d)(1) is not defined in the Code and whether cause exists must be determined on a case by case basis. *See In re Murray Industries, Inc.*, 121 B.R. 635 (Bankr. M.D. Fla. 1990).

    Every party seeking relief from the automatic stay under section 362(d)(1) must carry the initial burden of showing that it is entitled to relief before the debtor is obligated to go forward with its proof. *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *In re Keene Corp.*, 171 B.R. 180, 182 (Bankr.S.D.N.Y. 1994).

The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property. The party opposing relief has the burden of proof as to all other issues. 11 U.S.C. § 362(g).

Based on the foregoing, a separate Judgment will be entered granting the Motion of Vanderbilt Mortgage and Finance, Inc. for Relief from The Stay (Docket No. 4).

Signed at Houston, Texas on this 28th day of July, 2005.

## MEMORANDUM OPINION

The court held a hearing on the Motion of Vanderbilt Mortgage and Finance, Inc. for Relief from The Stay (Docket No. 4). After consideration of the pleadings, docket sheet, and evidence, the court makes the following Findings of Fact and Conclusions of Law granting the motion and lifting the stay. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Vanderbilt Mortgage and Finance, Inc., Successor in Interest to Associates Housing Finance, LLC ("Movant") seeks relief from the stay in order to exercise its rights under a Retail Installment Contract. On or about April 21, 1997, Gerald E. Martin executed a Retail Installment Contract for the

purchase of a 1997 Fleetwood Homes of Texas, Inc. "Green Hill" manufactured home ("manufactured home").  Movant is the holder of a purchase money lien on the manufactured home.  Movant's Exhibit No. 1.  The Certificate of Title reflects that Martin is the record title owner subject to Movant's lien.  Movant's Exhibit No. 2.

On June 4, 2004, Gerald Martin filed a Chapter 13 bankruptcy proceeding.  Case No. 04-38092-H3-13.  In Martin's bankruptcy proceeding, the court lifted the automatic stay in connection with the manufactured home.  Movant's Exhibit No. 3.  A state court suit was filed and on April 12, 2005, the state court entered a judgment awarding possession of the manufactured home to Movant's predecessor in interest.  Movant's Exhibit No. 4.

On June 4, 2005, Jamie and Roger Deards filed a Chapter 13 bankruptcy proceeding claiming an equitable interest in the manufactured home.  Jamie Deards is the daughter of Gerald Martin.  The Deards contend they have an equitable interest in the manufactured home as they have made all payments pursuant to the Retail Installment Contract executed by Mrs. Deards' father, Gerald Martin.

The parties stipulated that no equity exists in the manufactured home.  Debtors contend that the stay should remain in effect because the manufactured home serves as Debtors' homestead and it is necessary for an effective reorganization.  Debtors claim that Movant is adequately protected since they have the manufactured home insured and that their Chapter 13

plan provides payment of what they deem the fair market value of the collateral, $25,140.00, with 7.25% interest.  Movant's Exibit No. 5.

The payoff balance as of July 15, 2005 was $58,844.88 with arrears in the amount of $6,065.43.  Affidavit of Penny Stelljes, Custodian of Records for Movant, Docket No. 17.  With respect to the treatment of an allowed secured claim provided for by a plan, section 1325(5) requires either: that the holder of the claim accepts the plan; that debtor surrenders the property to the holder; or that the plan provides that the holder retains its lien securing the claim and the value, as of the effective date of the plan, of the claim is not less than the allowed amount of the claim.  Retention of the lien and payment of the allowed amount of the claim is referred to as a "cram-down" provision.  Debtors' plan attempts to utilize the "cram-down" provision in their treatment of Movant's secured claim.

In order for a Debtor to attempt to "cram-down" the value of the manufactured home, a secured claim must exist between Debtors and Movant.  Debtors are not title holders of the manufactured home and they are not contractual obligors on the Retail Installment Contract.  The Deards' proposed treatment of Movant's secured claim under the plan is not available to them.  The court finds that Movant's interest in the manufactured home is not adequately protected.  Accordingly, cause exits under section 362(d)(1) to lift the stay.

Additionally, the stay lifts pursuant to section 362(d)(2)

as no equity exists in the manufactured home.  In light of the lack of equity, the court finds that it is not necessary to the Debtors' reorganization.

### Conclusions of Law

Section 362(d)(1) and (2) of the Bankruptcy Code provide in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (2).

The automatic stay can be terminated, annulled, modified or conditioned by the court for cause.  The term "cause" used in 11 U.S.C. § 362(d)(1) is not defined in the Code and whether cause exists must be determined on a case by case basis.  *See In re Murray Industries, Inc.*, 121 B.R. 635 (Bankr. M.D. Fla. 1990).

Every party seeking relief from the automatic stay under section 362(d)(1) must carry the initial burden of showing that

it is entitled to relief before the debtor is obligated to go forward with its proof.  *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)* , 907 F.2d 1280, 1285 (2d Cir. 1990); *In re Keene Corp.* , 171 B.R. 180, 182 (Bankr.S.D.N.Y. 1994).

The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property.  The party opposing relief has the burden of proof as to all other issues.  11 U.S.C. § 362(g).

Based on the foregoing, a separate Judgment will be entered granting the Motion of Vanderbilt Mortgage and Finance, Inc. for Relief from The Stay (Docket No. 4).

SIGNED 07/29/2005.

LETITIA Z CLARK
United States Bankruptcy Judge